IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| CENTER FOR TRIBAL WATER ADVOCACY, | ) ) ) | |
| | ) | Civ. No. 06-708-SU |
| Plaintiff, | ) | |
| | ) | **FINDINGS AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| CARLOS GUTIERREZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

**SULLIVAN, Magistrate Judge:**

Plaintiff Center for Tribal Water Advocacy brings this
action seeking declaratory and injunctive relief against
defendants Carlos Gutierrez, Secretary of the Department of
Commerce and the National Marines Fisheries Service; P. Lynn
Scarlett, Acting Secretary of the Interior and the U.S. Fish and
Wildlife Service; the U.S. Forest Service, Linda Goodman,

1 - FINDINGS AND RECOMMENDATION

Regional Forester for the Wallowa-Whitman National Forest; and Barbara C. Walker, District Ranger for the Wallowa-Whitman National Forest.  Plaintiff claims that defendants' authorization of domestic livestock grazing in the Wallowa-Whitman National Forest violates the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321-4370f; the Endangered Species Act (ESA), 16 U.S.C. §§ 1531-1544; and the National Forest Management Act (NFMA), 16 U.S.C. §§ 1600-1614.

Grazing permit holders (the permittees) move to intervene. I recommend denying the motion to intervene during the liability stage of this litigation and granting the motion if this litigation reaches the remedial stage.  The permittees should be allowed to appear as an amicus curiae during the liability phase.

## BACKGROUND

Plaintiff seeks judicial relief ordering the U.S. Forest Service and other federal defendants to comply with the requirements of ESA, NEPA, NFMA, and the Administrative Procedure Act respecting defendants' livestock grazing actions on public lands in the Wallowa-Whitman National Forest, specifically on the Forest's Joseph Creek Rangeland Analysis Area (JCRAA).  Compl. ¶ 2.  Plaintiff alleges that the Forest Service authorized grazing in the JCRAA which has damaged riparian resources and stream habitat, and failed to implement grazing standards provided by the NMFA and the U.S. Fish and Wildlife Service (USFWS) pursuant

2 - FINDINGS AND RECOMMENDATION

to the ESA.  Compl. ¶¶ 6-8.  Plaintiff claims that the Forest

Service violated NEPA by failing to analyze the environmental

impacts of authorizing livestock grazing.  Plaintiff asks that

the Court order the Forest Service to "immediately remove all

livestock from the JCRAA until such time as the [Forest Service]

has complied with the standards provided by [the National Marine

Fisheries Service] and USFWS and NEPA."  Compl. ¶ 15.[1]  Plaintiff

also requests an order declaring that the Forest Service violated

the ESA by allowing grazing in the Wallowa-Whitman National

Forest without complying with appropriate regulations.  Compl. ¶

16.

     Proposed intervenor-defendants, who hold grazing permits in

the JCRAA, claim that they will experience significant harm if

plaintiff is granted the relief it seeks.  See Second Am. Mem. in

Supp. of Mot. to Intervene at 2, and Decls. of Permittees as

cited.  The permittees use the JCRAA public lands for grazing in

conjunction with their cattle operations on their own private

lands.  The permittees state that plaintiff seeks to enjoin

grazing in the JCRAA.[2]  The permittees also assert that the

_____

     [1]  Plaintiff's Motion for Temporary Restraining Order, filed
in July, 2006, was withdrawn on July 27, 2006.  See Minute Order
(docket no. 22) (Hon. Anna J. Brown, presiding).

     [2]  While plaintiff has asked the court to enjoin grazing,
this prayer for relief is only in conjunction with enforcement of
the various federal statutes as alleged.  As stated above,
plaintiff's request for a temporary restraining order enjoining
grazing has been withdrawn.

relief requested by plaintiff would have a negative impact on

their livelihoods, would harm wildlife in the JCRAA, and would

affect their recreational interests.  Permittees seek to

intervene as a matter of right, or, alternatively, permissively.

## DISCUSSION

## I.  Intervention as of Right

### A.  Standards

Federal Rule of Civil Procedure 24(a)(2), which governs

intervention as of right, provides:

> Upon timely application anyone shall be permitted to
> intervene in an action . . . when the applicant claims an
> interest relating to the property or transaction which is
> the subject of the action and the applicant is so situated
> that the disposition of the action may as a practical matter
> impair or impede the applicant's ability to protect that
> interest, unless the applicant's interest is adequately
> represented by existing parties.

"An applicant seeking intervention as of right must show that:

(1) it has a 'significant protectable interest' relating to the

property or transaction that is the subject of the action;

(2) the disposition of the action may, as a practical matter,

impair or impede the applicant's ability to protect its interest;

(3) the application is timely; and (4) the existing parties may

not adequately represent the applicant's interest."  Donnelly v.

Glickman, 159 F.3d 405, 409 (9th Cir. 1998) (citing Cabazon Band

of Mission Indians v. Wilson, 124 F.3d 1050, 1061 (9th Cir.

1997)).

## B.  Discussion

There is no dispute that permittees' application for intervention has been timely filed and I find that the motion was timely filed.

In actions seeking to compel compliance with NEPA, federal agencies or officials are the only proper defendants because "private parties do not have a 'significant protectable interest' in NEPA compliance actions."  Kootenai Tribe of Idaho v. Veneman, 313 F.3d 1094, 1108 (9th Cir. 2002); Wetlands Action Network v. U.S. Army Corps of Eng'rs, 222 F.3d 1105, 1114 (9th Cir. 2000) ("Because a private party can not violate NEPA, it can not be a defendant in a NEPA compliance action.").

This reasoning applies to plaintiff's claims under ESA and NFMA.  See Friends of the Wild Swan v. U.S. Fish and Wildlife Serv., 896 F. Supp. 1025, 1027-28 (D. Or. 1995) (denying intervention in action brought under ESA); Riverhawks v. Zepeda, Civ. No. 01-3035-AA, slip op. at 6-8 (D. Or. Aug. 23, 2001) (denying intervention in action under the National Forest Policy Act and the Wild and Scenic Rivers Act); Oregon Natural Desert Ass'n v. BLM, Civ. No. 03-1017-JE (D. Or. Mar. 22, 2004) (denying intervention in action under the Federal Land Policy and Management Act (FLPMA) and the Taylor Grazing Act).

This Court recently decided a case similar on its facts to the case presented here.  In Oregon Natural Desert Association v.

5 - FINDINGS AND RECOMMENDATION

Shuford, Civ. No. 06-242-AA, slip op. (D. Or. Sept. 8, 2006),
Judge Ann Aiken denied intervention as a matter of right to a
group of private landowners who used public lands in conjunction
with their private lands for commercial livestock and
recreational businesses.  Like the permittees here, the private
property owners sought to intervene in the Shuford case during
the liability phase of the action brought by the Oregon Natural
Desert Association under NEPA, FLPMA, the Public Rangelands
Grazing Act, the Taylor Grazing Act, and the Steens Act.  In
Shuford, the proposed intervenors asserted that they had a
"significantly protectable" interest relating to the subject
matter of the litigation and that their economic and real
property interests would be affected by the resolution of the
claims brought by the plaintiff.

    Like the permittees here, the proposed intervenors in
Shuford relied on Sierra Club v. EPA, 995 F.2d 1478 (9th Cir.
1993).  In concluding that the Sierra Club decision did not
apply, Judge Aiken stated: "[W]hile the Ninth Circuit has allowed
. . . intervention pursuant to the [Clean Water Act], it has not
allowed intervention pursuant to NEPA, FLMPA, and other similar
federal Acts.  . . . [I]n challenges such as this which allege
that the federal government has failed to comply with non-
discretionary duties under federal statutes like NEPA and FLPMA,
the Ninth Circuit has established a rule limiting intervention of

6 - FINDINGS AND RECOMMENDATION

right to 'none but a federal defendant.'"  Id. at 18 (quoting

Kootenai Tribe, 313 F.3d at 1108).

Additionally, the permittees' economic interests do not

qualify as "significant protectable interests" based upon

federally issued grazing permits for the same reasons as those in

Shuford.  Nor have permittees shown that defendants will not

adequately represent the permittees' interests during the

liability phase of this litigation.

I conclude that the permittees should not be allowed to

intervene as of right because they have failed to show a

significant protectable interest in the liability phase of this

litigation.

If, however, plaintiff prevails on liability, the permittees

should be allowed to intervene as of right during the remedial

stage of the litigation.  A remedy could directly affect the

grazing permits held by the permittees.

**II.  Permissive Intervention**

   **A.  Standards**

Federal Rule of Civil Procedure 24(b)(2) allows permissive

intervention:

> Upon timely application anyone may be permitted to intervene
> in an action:  . . . (2) when an applicant's claim or
> defense and the main action have a question of law or fact
> in common.  . . .  In exercising its discretion the court
> shall consider whether the intervention will unduly delay or
> prejudice the adjudication of the rights of the original
> parties.

7 - FINDINGS AND RECOMMENDATION

"An applicant who seeks permissive intervention must prove that it meets three threshold requirements:  (1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."  Donnelly, 159 F.3d at 412.

### B.  Discussion

Because the permittees have failed to establish a legally protectable interest during the liability stage of this litigation, permissive intervention would not be appropriate. See Friends of the Wild Swan, 896 F. Supp. at 1028 (denying permissive intervention because proposed intervenors, lacking a legally protectable interest, would not contribute to development of issues).  No common issue of law or fact exists at the liability phase of this litigation because the only issue is whether the federal defendants have complied with NEPA, ESA, and other federal statutes.  Only the federal defendants can be held liable under the federal statutes.  Nor do permittees argue that they have an independent basis for jurisdiction in this case and, based upon the holding in Shuford, I conclude that the permittees do not have an independent basis for jurisdiction in the liability phase of the litigation.

### CONCLUSION

The motion to intervene (#8) should be denied as to the

8 - FINDINGS AND RECOMMENDATION

liability phase of this litigation.  The proposed intervenors should be allowed to appear in the remedial phase of the litigation and, during the liability phase, should be allowed to appear as an amicus curiae.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due December 8,2006.  If no objections are filed, review of the Findings and Recommendation will be under advisement on that date.

A party may respond to another party's objections within 10 days after service of a copy of the objection. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or the latest date for filing a response.

DATED this 22nd day of November, 2006.


/s/  Patricia Sullivan

PATRICIA SULLIVAN
U.S. MAGISTRATE JUDGE

9 - FINDINGS AND RECOMMENDATION