IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CENTER FOR TRIBAL WATER ADVOCACY,<br><br>      Plaintiff,<br><br>v.<br><br>CARLOS GUTIERREZ, Secretary of the Department of Commerce; NATIONAL MARINE FISHERIES SERVICE; P. LYNN SCARLETT, Acting Secretary of the Department of the Interior; U.S. FISH AND WILDLIFE SERVICE; UNITED STATES FOREST SERVICE; LINDA GOODMAN, Regional Forester, Oregon/Washington USFS; and BARBARA C. WALKER, District Ranger, Wallowa-Whitman National Forest,<br><br>      Defendants. | 06-CV-708-SU<br><br>ORDER |

1 - ORDER

**PAUL T. LONEY**
Belmont Law Center
3430 SE Belmont Street
Suite 101
Portland, OR 97214
(503)234-2694

      Attorneys for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**STEPHEN J. ODELL**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

**SUE ELLEN WOOLRIDGE**
Assistant Attorney General
**COBY HOWELL**
Trial Attorney
United States Department of Justice
c/o United States Attorney's Office
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1000

      Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Plaintiff's Amended Motion for Preliminary Injunction and/or Temporary Restraining Order (TRO) (#56) and Defendant-Intervenors' Motion (#76) for Filing Supplemental Authority in Support of Opposition to Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction.

    Whether to grant or to deny a motion for preliminary injunction or a motion for a TRO is within the equitable

discretion of the court.  *Chalk v. United States Dist. Ct.*, 840 F.2d 701, 704 (9th Cir. 1988).  The Ninth Circuit recognizes two alternative standards for preliminary injunctions.  *Ranchers Cattleman Action Legal Fund United Stockgrowers of Am. v. United States Dep't of Ag.*, 415 F.3d 1078, 1092 (9th Cir. 2005)(citing *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005)).  An order properly issues under the traditional standard if the court determines Plaintiff has shown "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)."  *Id*.  Under the "alternative standard," a temporary restraining order properly issues when Plaintiff demonstrates "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor."  *Id*.

"Serious questions" are those "questions which cannot be resolved one way or the other at the hearing on the injunction." *Rep. of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988), *cert. denied*, 490 U.S. 1035 (1989).  Serious questions are "substantial, difficult and doubtful" enough to require more considered investigation.  *Id.*  Such questions need not show a certainty of success nor even demonstrate a probability of

3 - ORDER

success, but they "must involve a 'fair chance of success on the merits.'" *Id.* (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir. 1985)).

The requirement for showing a likelihood of irreparable harm prior to trial increases or decreases in inverse correlation to the probability of success on the merits at trial. *Diamontiney v. Borg*, 918 F.2d 793, 795 (9th Cir. 1990). *See also Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1119 (9th Cir. 1999)(these factors represent two points on a sliding scale: "the greater the relative hardship to the moving party, the less probability of success must be shown")(citation omitted). The essence of the court's inquiry is whether the balance of equities favors granting preliminary relief. *International Jensen*, 4 F.3d at 822.

When considering the issuance of an injunction in a case in which the court will need to address the environmental impact of a proposed agency action, the court must assume that "environmental injury, by its nature, can seldom be adequately remedied by money damages and is often permanent or at least of long duration, i.e., irreparable." *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 545 (1987). Consequently, when a plaintiff has shown environmental injury is "sufficiently likely, the balance of the harms will usually favor the issuance of an injunction to protect the environment." *Id.*

4 - ORDER

The traditional test for preliminary injunctions, however, is not the test for injunctions under the Endangered Species Act (ESA). *Nat'l Wildlife Fed'n v. Burlington Northern R.R., Inc.*, 23 F.3d 1508, 1510 (9th Cir. 1994). When it enacted the ESA, Congress "removed from the courts their traditional equitable discretion in injunction proceedings of balancing the parties' competing interests." *Id.* at 1511. Congress decided "the balance of hardships and the public interest tip heavily in favor of endangered species." *Sierra Club v. Marsh*, 816 F.2d 1376, 1383 (9th Cir. 1987)(citing *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 187-88, 194-95 (1978)).

Nonetheless, federal courts are not obligated to grant an injunction for every violation of the law. *TVA v. Hill*, 437 U.S. at 193. To be entitled to injunctive relief, Plaintiffs "must make a showing that a violation of the ESA is at least likely in the future." *Burlington Northern*, 23 F.3d at 1511. "Accordingly, injunctive relief under the ESA is generally mandated where the moving party 1) has had or can likely show success on the merits, and 2) makes the requisite showing of irreparable injury." *Southwest Ctr. for Biological Diversity v. United States Forest Serv.*, 307 F.3d 964, 972 (9th Cir. 2002) (citation and internal quotation omitted).

To obtain an injunction under the ESA in particular, Plaintiffs also must show "an imminent threat of injury to

5 - ORDER

wildlife." *Forest Conservation Council v. Rosboro Lumber Co.*, 50 F.3d 781, 784 (9th Cir. 1995).

Here the Court concludes Plaintiffs have not met the standard for a temporary restraining order or preliminary injunction because Plaintiffs have failed to establish a likelihood of success on the merits of this matter as to the questions of standing and violations of the ESA or NEPA.

Accordingly, the Court **DENIES** Plaintiff's Amended Motion for Preliminary Injunction and/or Temporary Restraining Order (#56). In addition, the Court **DENIES as moot** Defendant-Intervenors' Motion for Preliminary Injunction (#76) for Filing Supplemental Authority in Support of Opposition to Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction.

IT IS SO ORDERED.

DATED this 30th day of March, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge